**EXHIBIT A**

**SUM-100**

## AMENDED **SUMMONS**
### *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Nationstar Mortgage LLC dba Mr. Cooper Group, a Corporation; and
Does 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Elizabeth Ann Lippitt, individually, and on behalf of a class of similarly
situated persons,

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**05/06/2019** at 01:51:00 PM<br>Clerk of the Superior Court<br>By Sarah Loose,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | Civil Complex Center<br>751 W. Santa Ana Blvd.<br>Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2019-01065439-CU-BT-CXC<br><br>Judge Peter Wilson |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gretchen M. Nelson; Nelson & Fraenkel, LLP-601 So. Figueroa St., Suite 2050, Los Angeles, CA 90017 (213)622-6469

| DATE: 05/06/2019<br>*(Fecha)* | | Clerk, by<br>*(Secretario)* | DAVID H. YAMASAKI, Clerk of the Court<br>S. *Loose* , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

Sarah Loose

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Nationstar Mortgage LLC dba Mr. Cooper Group, a Corporation
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):* Limited Liability Company
4. ☑ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gretchen M. Nelson (SBN 112566); Gabriel S. Barenfeld (SBN 224146)<br>Nelson & Fraenkel, LLP<br>601 So. Figueroa Street, Suite 2050<br>Los Angeles, CA 90017<br>TELEPHONE NO.: (213) 622-6469    FAX NO.: (213) 622-6019<br>ATTORNEY FOR *(Name):* Attorney for Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**04/19/2019** at 12:48:56 PM<br>Clerk of the Superior Court<br>By Georgina Ramirez,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: ~~700 Civic Center Drive West~~
MAILING ADDRESS: 751 W. Santa Ana Blvd
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Lippitt, et al. v. Nationstar Mortgage LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount    (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2019-01065439-CU-BT-CXC |
| | | JUDGE:   Judge Peter Wilson |
| | | DEPT:   CX-102 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☑ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 5
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 19, 2019
Stuart R. Fraenkel
_____    ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**04/19/2019** at 12:48:56 PM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1  Gretchen Nelson, SBN: 112566
   Gabriel S. Barenfeld, SBN: 224146
2  NELSON & FRAENKEL LLP
   601 So. Figueroa Street, Suite 2050
3  Los Angeles, CA 90017
   Phone: (213) 622-6469/Fax: (213) 622-6019
4  Email: gnelson@nflawfirm.com
   Email: gbarenfeld@nflawfirm.com
5
   Alan M. Mansfield, SBN: 125998
6  CONSUMER LAW GROUP OF CALIFORNIA
   206 Park Blvd. Ste. 603
7  San Diego, CA, 92101
   Phone: (619) 308-5034 / Fax: (888) 341-5048
8  Email: alan@clgca.com

9  *Attorneys for Plaintiff Elizabeth Ann Lippitt*
   *and the Proposed Class*
10

11
                **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
12
                    **IN AND FOR THE COUNTY OF ORANGE**
13                                                          Judge Peter Wilson

14  ELIZABETH ANN LIPPITT, individually,        Case No.   30-2019-01065439-CU-BT-CXC
    and on behalf of a class of similarly situated
15  persons,                                     CLASS ACTION

16  Plaintiff,                                   **COMPLAINT FOR:**

17  v.                                           **(1) VIOLATION OF CAL. CIV. CODE,**
                                                 **§§1750, ET SEQ.**
18  NATIONSTAR MORTGAGE LLC dba MR.              **(2) VIOLATION OF CAL. BUS. & PROF.**
    COOPER GROUP, a Corporation; and DOES        **CODE, §§17200, ET SEQ.**
19  1-10 inclusive,
                                                 **(3) BREACH OF CONTRACT**
20  Defendants.
                                                 **(4) COMMON COUNTS**
21
                                                 **(5) DECLARATORY RELIEF**
22
                                                 (Jury Trial Requested on All Causes of Action
23                                               so Triable)

24

25                                                                    CX-102

26

27

28

                                         1

CLASS ACTION COMPLAINT

Plaintiff Elizabeth Ann Lippitt, on behalf of herself and all others similarly situated upon personal knowledge as to her own acts and status as specifically identified herein, and otherwise upon information and belief based upon investigation as to the remaining allegations, hereby alleges as follows against NATIONSTAR MORTGAGE LLC dba MR. COOPER GROUP and DOES 1-10, collectively referred to throughout this Complaint as "Mr. Cooper" or "Defendants."

## NATURE OF THE ACTION

1.     Mr. Cooper is a loan servicer and mortgage lender.  This action addresses Mr. Cooper's practice of failing and refusing to pay interest to California borrowers who have paid, deposited, or sought to deposit monies with Mr. Cooper for various purposes relating to their property.  This includes the deposit of insurance proceeds for those who lost their homes in natural disasters.  Mr. Cooper flouts the clear legislative mandate under Cal. Civ. Code § 2954.8, which requires that it pay or credit at least 2 percent interest per annum to the accounts of borrowers on at least an annual basis.  As a result, Mr. Cooper has violated California's Business and Professions Code §§17200, *et seq.* (the "UCL"), California's Consumers Legal Remedies Act, California Civil Code §§1750, *et seq.* (the "CLRA"), and Cal. Civ. Code § 2954.8, among other laws.

2.     Plaintiff, on behalf of herself and the proposed Class, seeks restitution and/or damages on behalf of the Class and for the benefit of the general public.  Plaintiff further seeks an injunction to prohibit Mr. Cooper from continuing to refuse to pay interest on escrowed deposits and claiming that it is not required to pay interest on the borrower's accounts; the imposition of a constructive trust; a corrective campaign by Mr. Cooper to inform current consumers of the requirement that all escrowed deposits must be in interest bearing accounts, with interest to be paid either annually or when the transaction is completed, whichever is earlier; and such other and further relief as the Court determines to be appropriate.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action under Article VI, section 10 of the California Constitution and Code of Civil Procedure section 410.10.  Jurisdiction is also proper under Business & Professions Code section 17203, as such claims can be brought in any court of competent jurisdiction.  Jurisdiction over Defendants is proper because they are either corporations

2

or associations organized and existing or with their principal or one of their primary places of business located in the State of California and/or have purposely availed themselves of the privilege of conducting business activities in California because they currently maintain systematic and continuous business contacts with this State, are licensed to do business in this State and/or based on the allegations of conspiratorial conduct and aiding and abetting as set forth in this Complaint.

4.    Venue is proper in this County because Defendants conduct business in the State of California and in the County of Orange.  Defendants' commercial activities in the State of California and this County include, but are not limited to, loan servicing, lending, and the marketing, sale and provision of services in this County and undertaking transactions in this County.  In addition, a substantial part of the acts and conduct charged herein occurred in this County.  Venue is also proper in this Court because many Class members did business with Defendants and engaged in transactions in this County, Defendants have received substantial profits from customers who engaged in transactions in this County.

5.    Plaintiff's Declaration of Venue under California Civil Code § 1780(d), which avers that a substantial part of the transactions alleged herein took place in this County, is filed herewith.

## PARTIES

6.    On personal knowledge, Plaintiff Elizabeth Ann Lippitt ("Plaintiff" or "Ms. Lippitt"), at all relevant times, was and is a resident of Los Angeles County, California.

7.    Defendant NATIONSTAR MORTGAGE LLC dba MR. COOPER GROUP L.L.C. is a corporation licensed to transact business in California and is engaged in the business of advertising, selling, and providing mortgages and mortgage services statewide in California, including in this County.  Defendants have offices located throughout California and this County, including what it describes as a "major outpost" located at 160 East St. Andrews Place, Santa Ana, California.

8.    Defendants make, service, and purchase loans for real property containing one–to–four family residences under the business name Mr. Cooper.  In connection with such activities,

3

CLASS ACTION COMPLAINT

1  Defendants often receive money in advance for payment of taxes and assessments on residential
2  properties, for insurance, or for other purposes relating to the borrower's property.

3      9.      At all times mentioned herein, each defendant, whether actually or fictitiously
4  named as DOES 1-10 in this Complaint, was the principal, agent or employee of each other
5  defendant, and in acting as such principal, or within the course and scope of such employment or
6  agency, took some part in the acts and omissions hereinafter set forth, by reason of which each
7  defendant is liable to Plaintiff and the proposed Class for the relief prayed for herein.

8      10.     At all times relevant herein, each defendant ratified the unlawful conduct of the
9  other defendants, their agents and employees, by failing to repudiate the misconduct and by
10  accepting the benefits of the transactions in question with knowledge of the wrongdoing.

11                                        **FACTS**

12      11.     On personal knowledge, in 2016, Plaintiff refinanced her home and obtained a
13  mortgage loan secured by her residence in Los Angeles County, California.  The mortgage loan
14  was originated by United Wholesale.  Plaintiff's mortgage loan agreement is memorialized and
15  secured by a promissory note and a deed of trust.

16      12.     The mortgage loan was later purchased by or under the supervision of Federal
17  National Mortgage Association ("Fannie Mae").  Mr. Cooper serviced Plaintiff's loan as the agent
18  of Fannie Mae.  Plaintiff sends mortgage payments to Mr. Cooper, which is authorized to handle
19  virtually all aspects of the loan in its capacity as the servicer for the loan.

20      13.     On personal knowledge, on or about November 9, 2018, Plaintiff's single-family
21  home was totally destroyed by the Woolsey wildfires.

22      14.     On personal knowledge, on or about December 4, 2018, Plaintiff received a check
23  dated November 23, 2018, in the amount of $266,518.50 from her insurance company, California
24  Fair Plan Association, to partially fund the costs of re-building her home ("Insurance Proceeds").
25  This check was made payable to both her and Mr. Cooper, as the relevant financial institution to
26  which all mortgage payments are made, and thus, could not be deposited without the authorization
27  or consent of Mr. Cooper.

28

4

15.     The Insurance Proceeds were to be deposited with Mr. Cooper to hold the funds in escrow pending use for purposes relating to the property, such as, for paying off the mortgage on the property (as Defendants have suggested that Plaintiff should do), for cleaning the property and making necessary repairs for sale, or for rebuilding purposes – just to name a few.

16.     In February 2019, a representative of Fannie Mae confirmed to Plaintiff on two separate occasions that Mr. Cooper is obligated to place the Insurance Proceeds in an interest-bearing escrow account. Also, Fannie Mae's loan servicing guidelines on an insured loss required Mr. Cooper to deposit the Insurance Proceeds in a custodial account for Plaintiff's benefit, which "[y]ields interest equivalent to the interest the borrower could expect to obtain from a savings or money market account." (Fannie Mae Servicing Guide, B-5-01, 2/14/2018.) The amount required by California law may be greater than this amount, but these guidelines confirm that interest is to be paid on such monies.

17.     Further, Mr. Cooper is required to comply with California Civil Code, § 2954.8 (discussed below), which requires that Mr. Cooper ensure that the interest-bearing escrow account generate *at least* 2 percent interest per annum, paid either annually or on the termination of the account.

18.     Starting in December 2018, Plaintiff requested on at least eight separate occasions to Mr. Cooper representatives, both over the telephone, during several multi-hour telephone calls, and in writing, that Mr. Cooper agree in writing to comply with the law requiring the payment of interest on deposited escrowed funds. These communications took place between on or about December 5, 2018 and on or about March 10, 2018. Mr. Cooper should have a record of these communications, including what was discussed and with whom since they claim to record these conversations. During these conversations, Mr. Cooper representatives consistently represented it had no such obligation to pay interest on the escrowed monies and refused to confirm in writing that it would do so.

19.     Plaintiff's request for a written assurance that Mr. Cooper would pay the legally mandated interest on the Insurance Proceeds was reasonable in light of the following statements to Plaintiff by Mr. Cooper representatives: (1) that Mr. Cooper has no obligation that the escrow

1   account generate interest; (2) that she (i.e., the Mr. Cooper representative) did not know if or how

2   interest was determined, as it was a decision made "in the back room at escrow" within the

3   company (this particular statement was made on or about January 2, 2019); (3) that any interest to

4   be paid  would be extremely small; (4) that even if the account accrues interest, it would not be

5   paid until the end of the time the Insurance Proceeds are held in the account; (5) that the monies

6   needed to be deposited first to see if there *will* be any interest paid, and then it will be calculated;

7   and (6) that Mr. Cooper is not required to hold the Insurance Proceeds in an account that generates

8   any interest.  These statements are false and misleading, and they are inconsistent with Mr.

9   Cooper's obligations under California law and the directions provided to Mr. Cooper by its

10   principal Fannie Mae.

11      20.      Moreover, while a Mr. Cooper representative recently claimed that Mr. Cooper

12   would recognize its obligation to pay interest on such funds, Mr. Cooper still refuses to deposit

13   Plaintiff's checks.  Plaintiff has lost money due to Mr. Cooper's failure to timely agree to pay the

14   legally mandated interest and its failure to timely deposit Plaintiff's check. Also, Mr. Cooper still

15   has not offered full relief for both Plaintiff and the proposed Class, as well as the general public.

16      21.      In addition, during the above time period, Plaintiff had numerous communications

17   with Defendants that have been either ignored or "lost" while she was being ping-ponged between

18   departments. And Plaintiff has been forced to relive this painful experience and repeat the same

19   story to Mr. Cooper's representatives, even though the computer system should have call notes

20   readily available, and Mr. Cooper claims when customers call that it will monitor and/or record

21   such communications. The experience of Plaintiff demonstrates that Mr. Cooper has no adequate

22   systems in place to conduct reasonable investigations of consumer complaints and to properly and

23   promptly respond to customer inquiries.

24      22.      To make matters worse, Mr. Cooper has reported to various credit reporting

25   agencies that Plaintiff has been late making mortgage payments, when (a) that is not true, (b) her

26   home has been destroyed by a wildfire, and (c) she has been informed both by Fannie Mae and

27   Mr. Cooper that she is entitled to a forbearance of such obligations as a result of this catastrophic

28

6

1   event, and that she is in fact on a six-month deferral plan. Mr. Cooper's incorrect reporting has

2   negatively impacted Plaintiff's credit score.

3         23.     Right after the fires, Plaintiff contacted Mr. Cooper to discuss her options. Mr.

4   Cooper represented to Plaintiff on two separate occasions that her only options was to request a

5   six-month deferral, but at the end of that period, she had to pay all six months or would be in

6   default. One representative even suggested, on several occasions, that Plaintiff simply pay off the

7   loan and walk away from her home.

8         24.     With great effort, Plaintiff was eventually able to learn from Mr. Cooper that her

9   loan was held by Fannie Mae. Fannie Mae representatives later confirmed that, contrary to what

10   Mr. Cooper had represented, Plaintiff had numerous options available to her, including a six

11   months deferral due to the fire being deemed a federal disaster. She could also request a

12   forbearance loan and tack it on at the end of the loan, with no default and no extra interest or

13   penalties.

14         25.     After numerous requests that Mr. Cooper remedy its false reporting, on February 7,

15   2019, Mr. Cooper finally sent a letter stating that it has submitted an "update" to the credit

16   reporting agencies with instructions to remove any negative credit information. However, it may

17   still take 120 days for the credit reporting agencies to update their records.

18         26.     For several months prior to filing this action, Plaintiff repeatedly requested that Mr.

19   Cooper reconsider its refusal to acknowledge the requirement to pay interest on the account where

20   the Insurance Proceeds are to be deposited, or to commit to do so. In a recent email, a

21   representative of Mr. Cooper finally stated that Mr. Cooper would pay Plaintiff 2% interest.

22   However, whether Mr. Cooper will actually do so has not been confirmed, and Mr. Cooper has not

23   agreed to compensate Plaintiff retroactively. Nor has Mr. Cooper agreed to pay the required 2%

24   interest to the proposed Class, either retroactively or going forward, despite Plaintiff's written

25   demands that Mr. Cooper agree to do so. Moreover, Mr. Cooper refused to deposit the checks

26   sent by Plaintiff, despite Plaintiff following the very instructions given by Mr. Cooper, and as of

27   this filing, the funds still have not been deposited. Thus, Mr. Cooper has not sufficiently responded

28   to or has ignored Plaintiff's repeated requests, satisfying any applicable pre-litigation cure

7

1  requirements as to her claims for restitution and damages, making any further requests futile.

2  Further, as a result of Mr. Cooper's misconduct and failure to comply with its legal and contractual

3  obligations, Plaintiff lost over four months' worth of interest on the Insurance Proceeds.

4      27.    As a result of Mr. Cooper's unlawful business acts and practices, Plaintiff has

5  suffered injury in fact and a loss of property or money in numerous ways.  She has been unable to

6  deposit the substantial check for the Insurance Proceeds and has lost interest accruing on such

7  funds for months.  Plaintiff has expended at least 15 hours of her time trying, without success, to

8  address these issues with Mr. Cooper.  She has been forced to take a medical leave of absence to

9  deal with Mr. Cooper's intransigence (along with other matters), causing her further distress and

10 losses, including being prevented from moving forward and obtaining closure on this entire

11 episode.  Plaintiff has further been delayed in her ability to obtain approval from various

12 governmental agencies to initiate and complete the rebuild process, which increases her overall

13 expenditures.  And, Mr. Cooper's false reporting adversely impacted her credit score.

14     28.    Mr. Cooper placed Plaintiff in a "Catch-22," as Plaintiff could not deposit the check

15 for the Insurance Proceeds until Mr. Cooper signed or deposited the check, and Mr. Cooper refused

16 for close to four months to recognize its obligations to pay interest on the Insurance Proceeds, both

17 for Plaintiff and other similarly affected persons, or has otherwise ignored Plaintiff's repeated

18 requests to do so.

19     29.    Since Mr. Cooper does not appear to have any discernable policy of paying interest

20 on monies held for the benefit of borrowers, Plaintiff has requested Mr. Cooper discontinue the

21 practice of refusing to pay interest on deposited monies to be held in escrow – not only for herself,

22 but also for all others similarly situated and the general public.  Mr. Cooper has either refused or

23 ignored these requests as well with respect to the proposed Class.

24     30.    California Civil Code § 2954.8 provides in relevant part as follows:

25         a.  Every financial institution that makes loans upon the security of real

26         property containing only a one- to four-family residence and located in this state or

27         purchases obligations secured by such property and that receives money in advance

28         for payment of taxes and assessments on the property, for insurance, or for other

8

CLASS ACTION COMPLAINT

purposes relating to the property, shall pay interest on the amount so held to the borrower. The interest on such amounts shall be at the rate of at least 2 percent simple interest per annum. Such interest shall be credited to the borrower's account annually or upon termination of such account, whichever is earlier.

   b. No financial institution subject to the provisions of this section shall impose any fee or charge in connection with the maintenance or disbursement of money received in advance for the payment of taxes and assessments on real property securing loans made by such financial institution, or for the payment of insurance, or for other purposes relating to such real property, that will result in an interest rate of less than 2 percent per annum being paid on the moneys so received.

   31.    Such monies are also required under California law to be invested in California-based companies, establishing that such monies do not merely sit in an account uninvested, but that Defendants are required to, and likely do, invest such moneys and profit as a result thereof. Moreover, the federal Dodd-Frank Act further directly and specifically expresses a policy that consumers should retain the interest gained on their escrow accounts. Congress has mandated that "[i]f prescribed by applicable State or Federal law, each creditor shall pay interest to the consumer on the amount held in any impound, trust, or escrow account that is subject to this section in the manner as prescribed by that applicable State or Federal law." 15 U.S.C. §1639d(g)(3). This requirement is in line with regulations of the United States Department of Housing and Urban Development ("HUD"), which state, "[w]here escrow funds are invested, the net income derived from this investment must be passed on to the mortgagor in the form of interest.... in compliance with any state and/or regulatory agency requirements governing the handling and/or payment of interest earned on a mortgagor's escrow account." HUD Handbook 4330.1, Rev-5, §2-5. As the Dodd-Frank Act does not preempt state laws that afford "greater protection" than federal finance laws (12 U.S.C. § 5551(a)), Mr. Cooper is required to comply with this California law.

   32.    Mr. Cooper violates this law in numerous ways: (1) it fails, refuses or ignores the obligation to pay any interest on escrowed monies held for the benefit of its borrowers while it makes money on them; (2) it fails, refuses or ignores the obligation to pay "at least" 2 percent per

9

1   annum of interest on escrowed monies, which can amount to hundreds or thousands of dollars per

2   year being denied to the borrower; (3) it refuses or ignores the obligation to pay such interest,

3   either annually or at the termination of the transaction, whichever is earlier; and/or (5) it delays

4   such obligations or refuses to commit in writing to do so, and in effect, borrowers receive an

5   interest rate of less than 2 percent per annum on their accounts because of this lag in payment

6   times. The amounts at issue are thus presumptively material to Plaintiff and other reasonable

7   consumers.

8       33.     Due to the circumstances under which borrowers, such as Plaintiff, receive the

9   deposited funds, they are often under duress and financial hardship. Those who lost their homes

10   in natural disasters (fires, floods, mudslides, etc.) are already required to deal with forbearance

11   requests, insurance companies, contractors, and the loss of their family home all at the same time.

12   They do not know, nor are they informed, of the right to obtain interest on such monies, and such

13   material facts are concealed and/or suppressed from disclosure to such persons by Mr. Cooper.

14   Rather than fight with Mr. Cooper over its failure to pay the legally required interest, many

15   borrowers would just deposit the funds, without interest, so they could have access to them. Mr.

16   Cooper takes advantage of their hardship by shirking its legal obligations to pay, or agree to pay,

17   the 2 percent interest required by law.

18       34.     This is not the first time Defendants have been charged with violating California

19   law as part of their business practices. In December 2017, Defendants entered into a $9.2 million

20   settlement with the California Department of Business Oversight ("CDBO") to pay refunds and

21   penalties for overcharging borrowers and "failing to investigate consumer complaints."

22   Defendants were required to refund over $4.3 million in improper charges to **over 54,000**

23   **consumers.** Moreover, California law requires mortgage servicers to conduct a reasonable

24   investigation in response to borrower complaints alleging certain servicing errors. The CDBO

25   found that Defendants lacked appropriate policies and procedures to conduct a reasonable

26   investigation of consumer complaints, violating both federal and state law.

27       35.     In a Consent Order entered in December 2017 ("Consent Order"), Defendants

28   agreed that they would immediately discontinue and cease and desist and refrain from the

CLASS ACTION COMPLAINT

1  violations set forth in that Order, including based on the lack of having a reasonable investigation

2  program in place.  They also agreed to implement revised policies and procedures within 60 days

3  of that Order being entered, and **"agree[d] to adhere, at all times, to policies and procedures**

4  **that comply with federal and state laws."** (emphasis added).   In announcing this settlement,

5  CDBO Commissioner Jan Lynn Owen said, "you don't get to take advantage of consumers in

6  California."   (see   http://www.dbo.ca.gov/Press/press_releases/2017/Press%20release%20-

7  %20Nationstar-Mr.%20Cooper%20-%20FINAL%20-%2012-1-17.pdf).         Yet,    Plaintiff's

8  experience demonstrates that Defendants have not changed their ways, as required by this

9  settlement and in violation of Financial Code Sections 22346 and 50505(a), in that they continue

10 to fail to conduct reasonable investigations in response to borrower disputes that were the subject

11 of consumer complaints.

12      36.     To date, Defendants have not issued a corrective notice of this violation of law and

13 have not offered a refund or credit of all monies wrongfully retained, with interest, to all affected

14 persons. Injunctive relief is therefore appropriate to stop this practice and ensure all illegally

15 collected and retained monies are available to Plaintiff and class members,  and that the general

16 public is not harmed by Defendants' on-going violations of law.

17      37.     Defendants have engaged in a conspiracy and aided and abetted each other, with

18 the assistance of their employees and agents, as to the illegal acts in question. Each collection and

19 retention, and failure to agree to pay the legally required interest violated California law.  Each

20 unlawful act, including the collection and retention of deposits without paying interest thereon and

21 the representations and/or omissions of fact set forth above, was designed to enrich Defendants at

22 the expense of the affected consumer, and was an overt act in furtherance of that conspiracy.  The

23 last overt act of that conspiracy has yet to take place.  Plaintiff seeks relief on behalf of all persons

24 who paid such monies into escrow accounts going back at least four years from the date this lawsuit

25 is filed.

26                          **CLASS ACTION ALLEGATIONS**

27      38.     Plaintiff brings this action on behalf of herself and on behalf of a class of similarly-

28 situated consumers, pursuant to Cal. Civ. Code Section 1781 and Cal. Code Civ. Proc. Section 382

CLASS ACTION COMPLAINT

to challenge and remedy Defendants' unlawful and wrongful business practices.  Plaintiff seeks relief for the following class of persons (the "Class"):

> All persons who are residents of California and who have received funds for deposit, or have sent, paid or deposited monies with Defendants for payment of taxes and assessments on residential property, for insurance, or for other purposes relating to the property, for which Defendants have not paid or timely paid or credited interest thereon at the rate of at least 2 percent simple interest per annum, annually or upon termination of such account, whichever is earlier. The class period shall be from at least four years prior to the filing of this lawsuit until such time as the notice is mailed to the Class.

The Class does not include the Court assigned to this matter and its staff, and all employees of Defendants and their affiliates.

39.     The proposed Class is so numerous that the individual joinder of all its members in one action is impracticable.  While the exact number and the identities of Class members are not known at this time, the number of Class members is likely in the thousands.

40.     Questions of law and fact of common and general interest to the Class exist and predominate over any questions affecting only individual members of the Class. These common questions include, among others, the following:

a)     the status of the monies that were retained by Defendants in deposits subject to California Civil Code § 2954.8, in terms of whether they were segregated or commingled with other monies retained by Defendants, where such monies were invested, and profit Defendants have made in investing such monies;

b)     whether these escrowed deposits are subject to the requirement to pay interest under California law and for how long;

c)     when Defendants knew or should have known of the falsity of their representations that no interest was required to be paid on such deposits;

d)     whether Defendants had a reasonable basis for refusing to pay interest on such deposits;

1      e)    whether Defendants' misrepresentations or omissions were of a fact they were

2  obligated to disclose and were material to consumers;

3      f)    whether Defendants' actions were unlawful, unfair, or fraudulent under the UCL

4  and in violation of the other state laws referenced herein;

5      g)    the amount of revenues and profits Defendants received or saved and/or the amount

6  of monies or other obligations imposed on or lost by Class members as a result of such

7  wrongdoing;

8      h)    whether Plaintiff, Class members and/or the general public are threatened with

9  irreparable harm and/or are entitled to injunctive and other equitable relief, and, if so, what is the

10  nature of such relief, including whether it is proper to impose a constructive trust over the monies

11  they are entitled to be paid that Defendants have improperly retained; and

12      i)    whether Plaintiff and the Class members are entitled to statutory, actual or

13  exemplary damages and/or equitable monetary relief from Defendants based on the causes of

14  action asserted by them and, if so, what is the nature and appropriate measure of such relief.

15     41.    Plaintiff's claims are typical of the claims of the Class because Plaintiff and all

16  Class members were injured by the same wrongful conduct and scheme of the Defendants alleged

17  herein.

18     42.    Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff's

19  interests are not antagonistic or irreconcilably conflict with the interests of the members of the

20  Class. Plaintiff is represented by attorneys who are competent and experienced in consumer class

21  action litigation.

22     43.    A class action is superior to other available group-wide methods for the fair and

23  efficient adjudication of this controversy because the individual damage and harm suffered by each

24  individual Class member may be relatively small compared to the expense and burden of

25  prosecuting such an individual case, and the difficulty of discovering and remedying the

26  wrongdoing of Defendants. If individual Class members were required to bring separate actions,

27  courts would be confronted by a multiplicity of lawsuits burdening the court system while also

28  creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on

1   a case by case basis, in which inconsistent results will magnify the delay and expense to all parties

2   and the court system, this class action presents far fewer management difficulties while providing

3   unitary adjudication, economies of scale and comprehensive supervision by a single court.

4       44.   Defendants have acted on grounds generally applicable to the entire Class, thereby

5   making final injunctive relief and/or declaratory relief appropriate with respect to the Class as a

6   whole.

7       45.   Notice of the pendency of and any resolution of this action can be provided to the

8   Class members by individual mailed notice or the best notice practicable under the circumstances.

9   **COUNT I**

10   **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**

11   **(CAL.CIV.CODE §§1750, et seq., ("CLRA"))**

12       46.   Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth in

13   full herein.

14       47.   By misrepresenting and failing to disclose the material facts set forth above in terms

15   of Plaintiff and Class members' entitlement to interest on all amounts deposited into an escrow

16   account, Defendants violated, *inter alia*, Cal. Civ. Code §§1770(a)(2), (5), (14) and/or (16).

17       48.   Defendants' actions, representations, omissions, and other conduct are subject to

18   the CLRA, because they extend to transactions that have resulted or were intended to result in the

19   provision of services to consumers. This is not a claim made in connection with a transaction for

20   the construction and sale of a residence, as this claim and those of other Class members is in

21   connection with an existing mortgage transaction where Defendants are refusing to pay interest on

22   monies being held or to be held for the benefit of consumers, as required by law.

23       49.   Plaintiff and the Class members are "consumers" within the meaning of Cal. Civ.

24   Code §1761(d).

25       50.   The Defendants' program of holding monies in escrow for the benefit of consumers

26   is a "service" within the meaning of Cal. Civ. Code §1761(a).

27       51.   Defendants are "persons" under Cal. Civ. Code §1761(d).

28

14

52.     Defendants have represented that they are not required to nor will pay interest on such deposits, as required by law, or have failed to agree to do so despite their obligations under California law, and as alleged herein.  Defendants reasonably should have known of the illegality of this policy, yet failed to notify borrowers about the requirement to pay two percent interest, denied any obligations to do so, and/or failed to confirm its obligation in writing.  Defendants have continued to conceal the material fact that their policy to not pay interest on the monies they are holding in escrow is unlawful, and continue to fail to make full disclosure of the nature and extent of this illegality even though they had a duty to disclose the illegality of their failure or refusal to pay interest on such escrowed monies.  Defendants have not made full and adequate disclosure of these material facts. If Plaintiff and the Class members had been informed of the illegality of this policy they would not have avoided transacting business with Mr. Cooper or would have insisted on the legally required payment of interest on monies entrusted to Defendants.

53.     The material facts Defendants have concealed and suppressed concerning the illegality of this policy were known and/or accessible to Defendants, who had superior knowledge and access to the facts of how the monies at issue were handled once deposited into the account and Defendants' obligations in terms of how such monies were to be handled. Defendants either knew or reasonably should have known such facts were not known to or reasonably discoverable by Class members or the general public.

54.     These misrepresented and omitted facts were and are presumptively material to a reasonable consumer because they directly impact whether such transactions are lawful, as well as the amounts of money generated on their accounts

55.     As set forth above, Defendants concealed and/or suppressed these material facts, in whole or in part, at the expense of Plaintiff and Class members.

56.     Plaintiff has provided Mr. Cooper with notice of its violations of the CLRA pursuant to California Civil Code §1782(a). The CLRA provides that a Complaint for violation of the CLRA may assert claims for actual, consequential, statutory and/or exemplary damages should the violations not be remedied within thirty (30) days of receipt of this written notification. According to Plaintiff's records, Mr. Cooper received this notice letter on February 20, 2019.  It

1   has not provided a timely response thereto as to both Plaintiff and the Class members and the
2   general public. Plaintiff thus asserts a claim for such damages under the CLRA for violation of
3   Civil Code §§1770(a)(2), (5), (14), and/or (16) as this thirty day period expired without a
4   reasonable cure or offer of a cure of Defendants' violations for Plaintiff and all others similarly
5   situated and the general public.

6       57.     As a result of the misrepresentation, concealment and/or suppression of these
7   material facts, Plaintiff and Class members did not receive the benefit of their bargain as required
8   by California law and have not received their legally mandated interest. Plaintiff and Class
9   members suffered damage and have sustained damages in amounts according to proof at time of
10  trial. Class members have also been damaged by the loss of access to and use of the funds
11  Defendants were required to pay.

12      58.     In light of Defendants' knowledge of the law, their recent settlement with the
13  CDBO requiring Defendants to be subject to independent audits and a commitment to investigate
14  complaints and to comply with all applicable California laws, and then continuing immediately
15  after entering into that agreement to not abide by such laws or implement reasonable investigation
16  procedures, and the circumstances in which Defendants are entrusted with these substantial funds
17  following extraordinary events and then put in place significant barriers to answer even the most
18  simple of questions made by persons under duress, Defendants' acts were done maliciously,
19  oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and Class
20  members' rights, or even common decency. Defendants' conduct warrants an assessment of
21  exemplary and punitive damages, in an amount sufficient to deter such conduct in the future, which
22  amount is to be determined according to proof.

23      59.     Because of the acts of unfair competition or unfair or deceptive acts or practices
24  detailed above, Defendants should also be enjoined from continuing to employ the unlawful
25  methods, acts and practices alleged herein in order to prevent any future harm to Plaintiff, the Class
26  members, and/or the general public pursuant to Cal.Civ.Code§1780(a)(2). Defendants should also
27  be ordered to pay Plaintiff's fees and costs according to proof.

28

## COUNT II

**VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE §17200 et seq.**

60.     Plaintiff incorporates by reference all of the foregoing paragraphs as if set forth in full herein.

61.     Defendants have engaged and continue to engage in acts and practices of unfair competition, as that term is defined in Business & Professions Code §17200. As used in this Complaint "unfair competition" means an unlawful, unfair or fraudulent business act or practice. This conduct is actionable pursuant to Business & Professions Code §§17200 and 17203.

62.     In engaging in conduct that constitutes unfair competition, each Defendant has acquired or retained money or property to which Plaintiff and Class members have a superior interest.  Defendants' policies and practices as detailed herein of misrepresenting or failing to notify their customers about the illegality of their policy, refusing to pay interest on monies they have been entrusted with, failing to abide by their duty to disclose such material facts, and failing to honor the applicable legal requirements as to the retention, investment and obligation to pay interest on such monies as set forth above, causes substantial injury to consumers with no countervailing legitimate benefit and is immoral, unethical, oppressive, unscrupulous, and unconscionable, and thereby constitutes "unfair" business acts or practices within the meaning of the UCL.

63.     Defendants' policies and practices as detailed herein to not notify their customers about the illegality of their policy, not paying interest as required by law, and making material statements and/or material omissions, all of which is likely to mislead Plaintiff, Class members and the public that payment of interest on such deposits is either not available or minimal when required by law constitutes "fraudulent" business acts or practices within the meaning of the UCL.

64.     Defendants' policies and practices as detailed herein are also "unlawful" business practices in terms of violating, *inter alia*, the provisions of Cal.Civ.Code §1750, *et seq.* set forth above, Cal.Civ.Code §2954.8, and/or 15 U.S.C. Section 1639d(g)(3) and HUD regulations referenced above requiring compliance with such laws by refusing to adopt and follow a policy of paying interest on deposits of escrowed funds as required by California law and provide written

17

1   confirmation thereof, the Consent Order with the CDBO as referenced above and/or Financial

2   Code Sections 22346 and 50505(a) by failing to conduct reasonable investigations in response to

3   borrower disputes that were the subject of consumer complaints, as set forth above.

4       65.    As a result of Defendants' unlawful, unfair or fraudulent business practices as

5   alleged herein, Plaintiff suffered injury in fact and lost money or property in the form of lost and

6   unaccrued interest based on the check she has held without receiving written commitments from

7   Defendants that they will comply with the law, among other injuries and losses she has suffered

8   as set forth in more detail above. Meanwhile, Defendants have illegally retained monies that should

9   have been paid as interest on deposited funds, unjustly enriching themselves thereby.

10       66.    Pursuant to Business & Professions Code §§ 17203 and 17204, the Court may

11   enjoin such conduct in the future on behalf of the Class and for the benefit of the general public,

12   order the provision of corrective notice, and compel Defendants to restore to Plaintiff and Class

13   members any money or property that Defendants may have acquired or retained as a result of any

14   act or practice that constitutes unfair competition.  The Court may also order Defendants to

15   disgorge any profits Defendants may have obtained as a result of this conduct by, for example,

16   investing the monies in question entrusted by Plaintiff and Class members in manners not

17   consistent with California law and making more in moneys than paid to Plaintiff and Class

18   members and not investing such monies in the manner required by California law.

19       67.    Plaintiff also seeks the payment of fees and costs pursuant to, *inter alia*, Cal. Code

20   Civ. Proc. Section 1021.5.

21   **COUNT III**

22   **BREACH OF CONTRACT**

23       68.    Plaintiff incorporates by reference paragraphs 1-67 as if set forth in full herein.

24       69.    Defendant Mr. Cooper was bound by the mortgage agreements with Plaintiff and

25   the Class, and/or was signatories thereto.

26       70.    Plaintiff, and all others similarly situated, did all, or substantially all, of the

27   significant things that the agreements required them to do.

28

18

71.    Meanwhile, Defendant Mr. Cooper failed to perform the terms of the agreements to comply with applicable state and federal law in being required to pay interest accrued on Plaintiff and the Class members' escrow accounts to the customers, as set forth above, thereby breaching the agreements.

72.    As a result, Plaintiff and the Class members have been harmed by Defendants' breaches of contract in amounts according to proof.

## COUNT IV

## DECLARATORY RELIEF PURSUANT TO CAL. CODE. CIV. PROC. SECTION 1060

73.    Plaintiff incorporates by reference herein all prior allegations, except for those seeking damages or restitution, which are pled in the alternative.

74.    An actual controversy over which this Court has jurisdiction now exists between Plaintiff, members of the Class and Defendants concerning their respective rights, duties and obligations.  There is currently a justiciable controversy over the legality of Defendants' practice of failing to disburse interest on its customers' escrow accounts back to the customers, based on state and federal laws and regulations, including California Civil Code §2954.8 and 15 U.S.C. §1639d(g) and the HUD regulations as set forth in HUD Handbook 4330.1, Rev-5, §2-5.

75.    As a result of Defendant's practice, Plaintiff and the Class members have been injured and will continue to be injured from the denial of the disbursement of the interest accruing from their funds held in escrow accounts. Therefore, declaratory relief is appropriate to attain judicial clarification of the parties' rights and obligations under the applicable law.

76.    Plaintiff and Class members may be without adequate remedy at law, rendering declaratory relief appropriate in that:

a)    relief is necessary to inform the parties of their rights and obligations under any applicable agreements asserted herein;

b)    damages may not adequately compensate Class members for the injuries suffered, nor may other claims permit such relief;

c)    the relief sought herein in terms of ceasing such practices may not be fully accomplished by awarding damages; and

19

d)      if the conduct complained of is not enjoined, harm will result to Class members and the general public because Defendants' wrongful conduct is continuing.

77.     A judicial declaration is therefore necessary and appropriate at this time and under these circumstances so the parties may ascertain their respective rights and duties.

78.     Plaintiff desires a declaration of rights of Class members and the corresponding responsibilities of Defendants under any applicable agreements and laws asserted herein, which declaration may be had before there has been any breach of such obligation in respect to which such declaration is sought.

79.     Plaintiff also requests an order declaring Defendants are obligated to pay restitution to all members of the Class as appropriate and pay over all funds Defendants wrongfully acquired or retained either directly or indirectly as a result of the illegal conduct by which Defendants were unjustly enriched.

**COUNT IV**

**RESTITUTION, MONEY HAD AND RECEIVED, CONVERSION, UNJUST**

**ENRICHMENT AND/OR QUASI-CONTRACT AND ASSUMPSIT**

80.     Plaintiff incorporates by reference paragraphs 1-67 as if set forth in full herein, and plead this claim as an alternative to any claims for or arising out of breach of contract.

81.     Plaintiff and the Class members plead just grounds for recovering money for benefits Defendants received from them or failed to pay them, and have a right to restitution at law through an action derived from the common-law writ of assumpsit, by implying an obligation at law based on principles of restitution and unjust enrichment, or through quasi-contract.

82.     Class members conferred a benefit upon Defendants by being required to deposit such funds with Defendants. Defendants, having been unjustly conferred a benefit by Class members of funds deposited with Defendants and/or the resulting failure to pay interest thereon

20

through acts of mistake, fraud or duress as set forth above, and having received such benefits using misleading and illegal acts, practices and policies and omitting material facts as set forth in detail above, are required to make restitution. The circumstances here are such that, as between the two, it is unjust for Defendants to retain such a benefit based on the laws and conduct described above. Such money or property (the unpaid interest and/or any moneys Defendants made on the funds entrusted to them to be held in escrow or that were not paid by them as required by law) belongs in good conscience to Class members, and can be traced to funds or property in Defendants' possession or made as a result thereof.

83.     Defendants have been unjustly enriched by Class members through payments they had and received or monies they were able to retain and the resulting profits enjoyed by Defendants as a direct result of failing to pay interest on the deposits in question. Plaintiff and Class members' detriment and Defendants' enrichment were related to and flowed from the conduct challenged in this Complaint.

84.     Defendants entered into a series of implied-at-law obligations that resulted in a sum certain as stated above being had, received and/or unjustly retained by Defendants, either directly or indirectly, at the expense of Class members. Defendants had knowledge of such benefits. Defendants owe Class members specific sums (the interest they are required to pay and/or the profits they made by not doing so) that can be calculated based on the records of Defendants or information retained by Class members.

85.     Under principles of restitution recognized under the law, an entity that has been unjustly enriched at the expense of another by the retention of a benefit wrongfully obtained or retained is required to make restitution to the other. In addition, under common law principles recognized in claims of common counts, assumpsit, unjust enrichment, restitution, and/or quasi-contract, under the circumstances alleged herein it would be inequitable for Defendants to retain such benefits without paying restitution or restitutionary damages. Such principles require

CLASS ACTION COMPLAINT

Defendants to pay over such benefits when the retention of such benefits would unjustly enrich Defendants. Other remedies and claims may not permit Class members to obtain such relief.

86.   In addition, Defendants, while acting as agent for Plaintiff and the Class as the holder of such proceeds in escrow, received a stipulated sum of money belonging to such persons and maliciously and fraudulently refused to fully account for it,  and converted monies rightfully belonging to Plaintiff and Class members for their own use by retaining and refusing to pay the interest required to be paid to them by law after proper demand.

87.   Pursuant to California Civil Code § 2224 one who gains or retains a thing (including money) by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, unless they have some other and better right thereto, is an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it. Based on the facts and circumstances alleged above, in order to prevent unjust enrichment and to prevent Defendants from taking advantage of their own wrongdoing, Plaintiff and Class members are entitled to the establishment of a constructive trust, in a sum certain, of all interest that should have been credited to their accounts or paid to them, but have been improperly retained by Defendants as well as the monies made by Defendants on such deposits and unpaid interest, from which Plaintiff and Class members may seek restitution.

88.   In addition, in light of Defendants' knowledge of the law, and the circumstances in which Defendants are entrusted with these substantial funds under extraordinary events and then put in place significant barriers to answer even the most simple of questions made by persons under duress and convert the unpaid interest required by law for their own profit, Defendants' acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and Class members' rights, or even common decency.  Defendants' conduct warrants an assessment of exemplary damages, in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

22

89.     Plaintiff both individually and on behalf of the Class thus seeks appropriate

monetary relief for sums certain as is permitted by law for such claims.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief as may be applicable to the causes
of action set forth above:

1.     An order certifying the Class and appointing Plaintiff and her counsel as class
representative and class counsel;

2.     Restitution and the disgorgement of revenues and profits of any monies made by
Defendants thereon to Plaintiff and Class members;

3.     An order requiring all actual, statutory, direct, consequential, incidental and other
damages to the extent applicable for each Cause of Action (but not at this time as to the CLRA
Cause of Action);

4.     The distribution of any unclaimed funds pursuant to a *cy pres* or fluid recovery
remedy;

5.     An order from this Court for both Plaintiff, the Class and the general public in the
form of: (a) declaratory relief declaring the rights and obligations of the parties, including a
declaration that Defendants violated the law set forth herein by collecting and/or failing to pay or
commit to pay interest on deposits as required by law and disseminating unfair, deceptive, or
misleading statements, and material omissions relating thereto; (b) an order of injunctive relief to
ensure compliance with those laws, pursuant to California Business & Professions Code sections
17200 *et seq.* and California Civil Code section 1750 *et seq.*, including an order prohibiting
Defendants from, *inter alia*, refusing to inform Class members and the general public of the
illegality of their current policy and avoiding the obligation of Defendants to pay interest on all
deposited escrowed monies consistent with California law, as well as imposing a constructive trust
over all monies for which they are an involuntary trustee; (c)  an order prohibiting Defendants
from failing and refusing to immediately cease the wrongful conduct as set forth above and
enjoining Defendants from continuing to refuse to pay interest on all escrowed deposits for which
they are required to pay interest, from refusing to implement a real program to investigate and

23

1   promptly resolve consumer complaints, and from continuing to falsely misstate or conceal material

2   information and conduct business via the acts of unfair competition complained of herein; (d) an

3   order prohibiting Defendants from failing to inform Class members, and the general public, of the

4   illegality of their escrow program and/or (e) entry of an order or judgment for preliminary and

5   permanent injunctive relief based on the above;

6       6.     An order awarding attorney's fees and costs to Plaintiff's counsel pursuant to

7   California Civil Code §1780, California Code of Civil Procedure §1021.5, or as would be

8   reasonable from any recovery of monies recovered for or benefits bestowed on the Class and the

9   general public;

10      7.     An award of pre-judgment and post-judgment interest, as provided by law;

11      8.     Leave to amend the Complaint to conform to the evidence according to proof at

12   time of trial;

13      9.     Such other and further relief as this Court may deem necessary, proper and/or

14   appropriate.

15                       **JURY DEMAND**

16      Plaintiff demands a trial by jury on all causes of action so triable.

17

18   DATED: April 18, 2019                  NELSON & FRAENKEL LLP

19

20                             Gretchen Nelson, SBN: 112566
                              Gabriel S. Barenfeld, SBN: 224146

21                             601 So. Figueroa Street, Suite 2050
                              Los Angeles, CA 90017

22                             Telephone: (213) 622-6469
                            Fax:      (213) 622-6019

23                             Email: gnelson@nflawfirm.com

24                             Alan M. Mansfield, SBN: 125998
                            CONSUMER LAW GROUP OF

25                             CALIFORNIA
                            206 Park Blvd. Ste. 603

26                             San Diego, CA, 92101
                            Phone: (619) 308-5034/Fax: (888) 341-5048

27                             Email: alan@cglca.com

28                             Attorneys for Plaintiff

CLASS ACTION COMPLAINT

# ATTACHMENT

Gretchen Nelson, SBN: 112566
Gabriel S. Barenfeld, SBN: 224146
NELSON & FRAENKEL LLP
601 So. Figueroa Street, Suite 2050
Los Angeles, CA  90017
Phone: (213) 622-6469/Fax:  (213) 622-6019
Email: gnelson@nflawfirm.com
Email: gbarenfeld@nflawfirm.com

Alan M. Mansfield, SBN: 125998
CONSUMER LAW GROUP OF CALIFORNIA
206 Park Blvd. Ste. 603
San Diego, CA, 92101
Phone: (619) 308-5034 / Fax: (888) 341-5048
Email: alan@clgca.com

*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

|  |  |
|---|---|
| ELIZABETH ANN LIPPITT, individually, and on behalf of a class of similarly situated persons and the general public, as applicable, <br><br> Plaintiff, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC dba MR. COOPER GROUP, a Corporation; and DOES 1-10 inclusive, <br><br> Defendants. | Case No. <br><br> AFFIDAVIT OF VENUE |

I, ALAN M. MANSFIELD, declare as follows:

    1.    I am one of the counsel for Plaintiffs in this coordinated action and make this declaration to the best of my knowledge, information and belief of the facts stated herein.

    2.    Defendants NATIONSTAR MORTGAGE LLC dba MR. COOPER GROUP, a Corporation; and DOES 1-10 inclusive (hereinafter referred to as "Defendants") were and are corporations which either have a principal place of business based in California, are registered to

---

1

| AFFIDAVIT OF VENUE | CASE NO.: JCCP 004956 |
|---|---|

1  do business in the State of California and/or are doing business in the State of California and this
2  County.

3       3.     Several of the Plaintiffs identified in the Complaints where the above-identified
4  actions were originally filed reside in the Counties where the actions were filed and are
5  customers of one or more of the Defendants.

6       4.     Some of the transactions which form the basis of this action and where at least a
7  portion of several Defendants' obligations or liabilities arose occurred in the Counties where the
8  above-identified actions were originally filed.

9       5.     The Complaints filed in the above-identified actions contain a cause of action for
10 violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750, *et seq.*, as
11 against Defendants.

12      6.     Per the foregoing assertions, the CLRA cause of action and those Complaints
13 were properly commenced in a proper county for trial under the venue provisions of the CLRA
14 and Code of Civil Procedure § 395.5.

15      I declare under penalty of perjury under the laws of the State of California that the
16 foregoing is true and correct.  This declaration was signed this day of April 19, 2019 at San
17 Diego, California.

18

19                             Alan M. Mansfield

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF VENUE                              CASE NO.: JCCP 004956